IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DUKE TRAN,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

3:15-cv-00979-BR

OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#41) to Quash Subpoenas that Defendant proposes to issue to obtain Plaintiff's employments records from U.S. Bank, his current employer, and medical records from Northwest Primary Care, his primary-care provider. Plaintiff has also filed a Motion to Strike as part of his Reply (#47) in Support of the Motion to Quash in which he requests the Court to strike Defendant's Response to the Motion to Quash on the basis that it was not timely filed.

For the following reasons, the Court **DENIES** both Motions.

1 - OPINION AND ORDER

**BACKGROUND**

In June 2015 Plaintiff filed a Complaint against Defendant and alleged claims for violation of the Family and Medical Leave Act (FMLA) pursuant to 29 U.S.C. § 2601, *et seq.*; violation of the Oregon Family Leave Act (OFLA) pursuant to Oregon Revised Statute § 659A.183; whistleblower retaliation in violation of Oregon Revised Statute § 659A.199; race and national origin discrimination and harassment in violation of Oregon Revised Statute § 659A.303(a) and (b); retaliation in violation of Oregon Revised Statute § 659A.030(f); wrongful discharge; and violation of the False Claims Act pursuant to 31 U.S.C. § 3729.

On June 29, 2016, Plaintiff filed an Amended Complaint in which he alleges all of the above claims except the claim brought pursuant to the False Claims Act.

In November 2016 Defendant sent notice to Plaintiff that it intended to issue subpoenas for the records indicated.  Although the parties conferred and, as a result, narrowed the scope of the subpoenas, Plaintiff continues to object to the issuance of the subpoenas.

**DISCUSSION**

**I.   Plaintiff's Motion to Strike (#47)**

Plaintiff seeks to strike Defendant's Response to Plaintiff's Motion to Quash Subpoenas on the ground that

2 - OPINION AND ORDER

Defendant did not timely respond to the Motion.

Plaintiff relies on the Court's Case Management Order (#38) that provides a response to a "discovery motion" must be filed within seven calendar days. On December 5, 2016, Plaintiff filed his Motion to Quash Subpoenas which Plaintiff contends was a "discovery motion" and, therefore, Defendant's Response was due by December 12, 2016, under the Court's Case Management Order. Defendant, however, did not file its Response to Plaintiff's Motion until December 22, 2016, and, according to Plaintiff, Defendant's Response was, therefore, filed untimely and should be stricken.

The Court's intention with regard to managing discovery disputes is to resolve such issues quickly and informally when possible. Generally such disputes merely relate to the exchange of discovery between the parties and, because full conferral is required before any discovery motion is filed, a reply is ordinarily not warranted. Plaintiff's Motion to Quash Subpoena to a third-party, however, is a formal process that falls more appropriately within regular motion practice pursuant to Local Rule 7(e), which allows a party 14 days to respond to a motion. In this context, the Court concludes Plaintiff's Motion is not the type of "discovery motion" for which a seven-day response time was required by the Case Management Order.

Accordingly, the Court DENIES Plaintiff's Motion to Strike

3 - OPINION AND ORDER

Defendant's Response submitted within Plaintiff's Reply (#47) in support of his Motion to Quash Subpoenas.

## II.  Plaintiff's Motion to Quash Subpoenas (#41)

Plaintiff contends his employment records from his current employer are not relevant to the pending litigation, his records are inadmissable character evidence, Defendant's request is overly broad, and production of the records would violate Plaintiff's privacy rights.  Plaintiff specifically objects to production of performance evaluations, disciplinary records, complaints, and records of complaints involving Plaintiff. Plaintiff argues the requested subpoena should be modified "to only seek Plaintiff's employee file."

Plaintiff also contends the subpoena for his medical records should be quashed or modified to allow only discovery of Plaintiff's medical records pertaining to his FMLA and OMLA leave claims on the grounds that his medical records are privileged and that he has not waived any privilege by asserting FMLA/OMLA claims or by seeking "garden variety" emotional-distress damages. In the event the Court denies Plaintiff's Motion to Quash, Plaintiff asks the Court to review Plaintiff's medical records *in camera* before they might be released to Defendant in order to determine their relevancy as to Plaintiff's FMLA/OMLA claims and/or to issue a Protective Order as to those records.

According to Defendant, however, Plaintiff's employment

records are relevant to his work qualifications and work-related habits, his healthcare records are relevant to his claims, and Plaintiff placed his overall health and medical conditions at issue when he brought claims involving his FMLA/OMLA leave. Because Plaintiff also alleges he suffers from, among other things, depression, anxiety, inability to sleep, and upset stomach, Defendant argues Plaintiff's damages claims are for more than "garden variety" emotional distress.  Accordingly, Defendant maintains it is entitled to discovery of medical records reflecting treatment for those symptoms.

### A. Standards

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Rule 26(c) authorizes the Court to limit discovery upon motion by a party with "good cause" shown to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden.

### B. Plaintiff's Employment Records

Plaintiff misstates the scope and limits of discovery under

Rule 26(b)(1), which provides "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Thus, Rule 26 requires the discovery must only be relevant to a claim or defense and proportional to the needs of the case and no longer requires the discovery to appear "reasonably calculated to lead to the discovery of admissible evidence."

The Court concludes Plaintiff's current employment records are relevant to his claims in light of his allegation that Defendant's conduct resulted in "damage to [Plaintiff's] career" and resulted in his "lack of confidence in the banking system." Although Plaintiff has a legitimate privacy interest in the contents of his employment-related files, *Abu v. Piramco Sea-Tac, Inc.*, No. 08-1167, 2009 WL 279036, at *1 (W.D. Wash. Feb. 5, 2009), courts have allowed production of personnel files when the party seeking production has shown the information is relevant. If the court determines the requested evidence is relevant, the court must then balance the defendant's interest in obtaining the information against the plaintiff's privacy interest and the burden to the third parties. *Id.,* at *3.

In addition, although Plaintiff has not asserted any specific privacy interests that would be violated if this discovery is allowed, Plaintiff contends his employment records constitute inadmissible character evidence under Rule 404 and, therefore, are not discoverable is incorrect. At this stage of

the litigation, however, Plaintiff's employment records are discoverable because they are relevant to Plaintiff's claims. Their potential admissibility at trial is not the issue at this stage.

### C. Plaintiff's Medical Records

As noted, Plaintiff contends his medical records are privileged and he has not waived any privilege because he merely alleges "a garden variety" emotional-distress claim. Plaintiff asserts he will not rely on any treating psychotherapist or expert to prove emotional-distress damages, and, therefore, Defendant is only entitled to medical records pertaining to Plaintiff's FMLA/OMLA claim.

The extent to which a plaintiff's claim for emotional-distress damages constitutes a waiver of the plaintiff's psychotherapist-patient privilege is not yet settled in this Circuit. Courts generally follow one of three different approaches: (1) the broad approach - plaintiff waives the privilege merely by alleging emotional distress in the complaint; (2) the middle approach - plaintiff waives the privilege by alleging either a separate tort of distress or unusually severe emotional distress (*i.e.,* more than "garden variety" emotional distress); or (3) the narrow approach - plaintiff waives the privilege by affirmatively relying on the psychotherapist-patient communication. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-38

7 - OPINION AND ORDER

(N.D. Cal. 2003).

Here although Plaintiff characterizes his emotional-distress claim as "garden variety," he states in his Amended Complaint that he "suffered emotional harm including and not limited to embarrassment, anxiety, depression, lack of confidence in the banking system, low self-esteem, inability to sleep, lack of enjoyment of activities, upset stomach, anger, frustration, hopelessness, and other negative emotions." Am. Comp. ¶ 51.

In *E.E.O.C. v. California Psychiatric Transitions* the court, adopting the broad approach, held the employee waived the psychotherapist-patient privilege in a Title VII sexual harassment against his employer by asserting a claim for emotional damages even though the employee did not allege any specific emotional injury or claim of intentional infliction of emotional distress and the only remedy sought was emotional-distress damages. 258 F.R.D. 391, 400 (E.D. Cal. 2009). The Court finds the *California Psychiatric Transitions* Court's reasoning is helpful to resolving this dispute.

Although emotional distress is not the "crux" of Plaintiff's damages claim here and he has not alleged a specific intentional infliction of emotional-distress claim, Plaintiff's allegations are, quite literally, more than "garden variety" allegations; for example, Plaintiff alleges "lack of confidence in the banking system, . . . lack of enjoyment of activities, . . . frustration,

N/A

hopelessness, and other negative emotions." Such allegations place Plaintiff's mental health at issue, and, therefore, the Court finds Plaintiff has waived the privilege.

The Court notes Defendant also raises an issue specifically as to the legitimacy of Plaintiff's FMLA/OMLA claim and suggests Plaintiff may have fabricated the alleged reason for his absence only after Defendant denied Plaintiff's request for "personal time off," which also places Plaintiff's medical health at issue.

On this record, therefore, the Court concludes Defendant is entitled to discovery of Plaintiff's employments records from U.S. Bank, his current employer, and medical records from Northwest Primary Care, his primary-care provider. Accordingly, the Court DENIES Plaintiff's Motion (#41) to Quash Subpoenas.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#41) to Quash Subpoenas and Plaintiff's Motion to Strike submitted within his Reply (#47) to Defendant's Response to the Motion to Quash.

With respect to whether the discovery produced pursuant to the subpoenas should be reviewed *in camera* or subject to a Protective Order, the Court directs the parties to confer in an effort to resolve this issue. After full conferral, the parties must submit no later than February 7, 2017, a stipulation

resolving this issue or a Joint Status Report concisely stating their positions on the issue.

IT IS SO ORDERED.

DATED this 20th day of January, 2017.

                                                s/ Anna J. Brown  
                                            ANNA J. BROWN  
                                            United States District Judge