**Michael Fuller, OSB No. 09357**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

Robert Le, OSB 094167
Law Office of Robert Le
Of Attorneys for Plaintiff

Christina Stephenson, OSB 102287
Stephenson Law, LLC
Of Attorneys for Plaintiff

**Leah Lively, OSB No. 962414**
**Portia R. Moore, Admitted *Pro Hac Vice***
**Sarah E. Ames, OSB No. 132675**
Of Attorneys for Defendant
Davis Wright Tremaine LLP
1300 SW 5th Ave., Suite 2400
Portland, Oregon 97201
leahlively@dwt.com
portiamoore@dwt.com
Phone 503-241-2300
Attorneys for Defendant
Wells Fargo Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DUKE TRAN,**<br><br>           Plaintiff,<br><br>    v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>           Defendant. | Case No. 3:15-CV-00979-BR<br><br>**JOINT WITNESS AND EXHIBIT LIST** |

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Pursuant to the August 25, 2016 Case Management Order (Dkt. 38), Plaintiff Duke Tran and Defendant Wells Fargo Bank, N.A. jointly submit this witness list.

1. **Alshehri, Sam**

**Plaintiff Estimated Time:**    30 minutes

**Defendant Estimated Time:** 45 minutes

**Defendant Proposed Testimony:**

Mr. Alshehri will testify generally about his work in Home Equity Maturing Accounts Specialty Services (HEMASS department) and his interactions with Duke Tran during the time period of 2013-2014, including but not limited to the following:

- Mr. Tran's performance under Mr. Alshehri;
- coaching notes of his interactions with Mr. Tran;
- challenges he experienced managing Mr. Tran and what he did to assist Mr. Tran in his job as a Customer Service Representative;
- comments that Tran made to Mr. Alshehri about weapons and photos Mr. Tran showed him.
- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;

**Plaintiff's Objections:** None.

**Plaintiff Proposed Testimony:**

In addition to Defendant's proposed Testimony, Mr. Alshehri will testify about the following:

- Knowledge and experience of company policies, procedures and practices
- Personal job duties, work experience and responsibilities; and of others in others in the organization
- Knowledge and experience of Duke Tran's employment

**Defendant's Response:** No objection to properly formed questions.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2. **Bessette, William**

**Plaintiff Estimated Time:** Less than 30 minutes

**Defendant Estimated Time:** 15 minutes

**Plaintiff Proposed Testimony:**

      Mr. Bessette will testify about his background and work experience with Defendant.  He will testify about his observations of Mr. LeDonne's treatment of Mr. Tran.  He will testify about his communications with Mr. Tran about a situation with lost loan documents.  He will testify about the system used by Defendant to access customer's mortgage loan documents.  He will testify about receiving an email in 2014 about not telling customers that their loan documents were missing.  He will also testify that he observed that LeDonne was treating Tran differently and worse than others.

**Defendant's Objections:** Mr. Bessette's testimony regarding all communications with Mr. Tran are hearsay and therefore not properly admissible under FRE 801.  His testimony regarding receiving an e-mail in 2014 about *"not telling customers that their loan documents were missing"* is cumulative and should be excluded under FRE 403.  Defendant has never "implied" or taken the position that the 2014 e-mail was a *"mistake"* and will not do so at trial.  Mr. Bessette played no role in creating that 2014 e-mail at issue and lacks foundation to testify as to what does or does not qualify as a "policy" of Wells Fargo.

**Plaintiff's Response:** Mr. Bessette's testimony about conversations with Tran is admissible to demonstrate Tran's good faith in reporting information that he believed was unlawful.  His testimony about receiving the 2014 email is not cumulative, comes from his own opinion, it is persuasive evidence that the email was not a mistake (as Defendant has implied at various points) but was rather a policy of Defendant.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

3. **Childress, Michael**

**Plaintiff Estimated Time:** 30 minutes

**Defendant Estimated Time:** 60 minutes

**Defendant Proposed Testimony:**

Mr. Childress will testify generally about his work in the HEMASS and Quality

Assurance departments and his interactions with Duke Tran during the 2013-2014 time

period, including but not limited to the following:

- the purpose of the Continuous Monitoring Program (CMP) within the Quality Assurance Department;

- the CMP process and scoring system;

- his assessment of Mr. Tran's performance;

- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;

- research he conducted into loan documents not accessible to CSRs.

**Plaintiff's Objections:** None.

**Plaintiff Proposed Testimony:**

In addition to Defendant's proposed Testimony, Mr. Childress will testify about

the following:

- Knowledge and experience of company policies, procedures and practices

- Personal job duties, work experience and responsibilities; and of others in others in the organization

- Knowledge and experience of Duke Tran's employment

**Defendant Objections:** No objections to properly formed questions.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4. **Clausen, Deborah**

**Plaintiff Estimated Time:** 1 hour

**Defendant Estimated Time:** 1-2 hours

**Plaintiff Proposed Testimony:**

Ms. Clausen is expected to testify consistent with her deposition testimony. Ms. Clausen will testify about her background and work experience. Ms. Clausen will testify about her employment with Defendant. She will testify about her background and training with Defendant. She will testify about Defendant's policies and procedures.

Ms. Clausen will testify about meetings with Tran. Ms. Clausen will testify about meetings about Tran and his complaints. She will testify about the security concerns she had about Plaintiff. She will testify about her recommendation regarding the termination of Plaintiff. She will testify about the reasons for Plaintiff's termination, and who made the decision to terminate Plaintiff.

Ms. Clausen will also testify about the following:

- Knowledge and experience of company policies, procedures and practices
- Personal job duties, work experience and responsibilities; and of others in others in the organization
- Knowledge and experience of Duke Tran's employment

**Defendant Objections:** No objections to properly formed questions.

**Defendant Proposed Testimony:**

Ms. Clausen will testify generally about her work in the HEMASS department and her interactions with Duke Tran during the 2013-2014 time period, including but not limited to the following:

- the creation of the HEMASS department;
- complaints made by Mr. Tran, to which she was a witness;
- complaints made by Mr. Tran, about which she was informed;

Page 5 –JOINT WITNESS AND EXHIBIT LIST

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- concerns she had regarding Mr. Tran's behavior;
- any investigation into Mr. Tran's complaints, in which she took part;
- information she learned regarding Mr. Tran's prior performance at Wells Fargo;
- recommendations she made regarding discipline of Mr. Tran, including the rationale for the recommendation;
- expectations and responsibilities of CSRs;
- attempts by Mr. Tran's managers to performance coach him.

**Plaintiff Objections:** None.


5. **Coles, Walter**

**Plaintiff Estimated Time:** Less than 1 hour

**Defendant Estimated Time:** 15 min

**Plaintiff Proposed Testimony:**

Mr. Coles is expected to testify about a letter his wife received from Defendant in 2013 about an upcoming end of draw date on his wife's home equity line of credit with Defendant. Mr. Coles will testify about his phone call with Mr. Tran in December 2013 and Defendant's subsequent actions regarding the alleged debt.

**Defendant Objections:** No objections to properly formed questions.


6. **LeDonne, Peter**

**Plaintiff Estimated Time:** 2 hours

**Defendant Estimated Time:** 3 hours

**Plaintiff Proposed Testimony:**

Mr. LeDonne will testify about the investigation into Plaintiff's work product. He will testify about his communications with Plaintiff about Plaintiff's call scores. He will

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

testify about the termination of Plaintiff.  He will testify about the reasons for Plaintiff's

termination, and who made the decision to terminate Plaintiff.

Mr. LeDonne will also testify about the following:

- Knowledge and experience of company policies, procedures and practices
- Personal job duties, work experience and responsibilities; and of others in others in the organization
- Knowledge and experience of Duke Tran's employment

**Defendant Objections:** No objections to properly formed questions.

**Defendant Proposed Testimony:**

Mr. LeDonne will testify generally about his work in HEMASS and his

interactions with Duke Tran, including but not limited to the following:

- Tran's performance under Mr. LeDonne;
- challenges he experienced managing Mr. Tran;
- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;
- complaints made by Mr. Tran, to which he was a witness;
- complaints made by Mr. Tran, about which he was informed;
- concerns he had regarding Mr. Tran's behavior;
- any investigation into Mr. Tran's complaints, in which he took part;
- recommendations he made regarding discipline of Mr. Tran, including the rationale for the recommendation;
- discipline he issued to Mr. Tran;
- efforts he made to performance coach Mr. Tran;
- expectations and responsibilities of CSRs;
- coaching and discipline of other CSRs;
- conversations that he had with Mr. Tran.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Plaintiff Objections:** None.

7. **Longren, Glenda (Via Deposition Testimony)**

   **Plaintiff Estimated Time:** Less than 30 minutes

   **Defendant Estimated Time:** 15 minutes

   **Plaintiff Proposed Testimony:**

   Ms. Longren is expected to testify consistent with her deposition testimony. Ms. Longren will testify about her employment with Defendant. She will testify about her background and training with Defendant. She will testify about Defendant's policies and procedures.

   Ms. Longren will testify about her communications with Mr. Tran about his reports of discrimination and retaliation. Ms. Longren will testify about recommending that the "Memorandum of Understanding" be rescinded.

   **Defendant/Plaintiff Notes:** Ms. Longren resides out of state and the parties have agreed to designate portions of her deposition in lieu of live testimony.

8. **Love, Lisa**

   **Plaintiff Estimated Time:** 30 minutes

   **Defendant Estimated Time:** 1-2 hours

   **Defendant Proposed Testimony:**

   Ms. Love will testify generally about her work in Wells Fargo human resources and her interactions with Duke Tran, including but not limited to the following:

   - the structure and function of Wells Fargo's human resources department;
   - Wells Fargo's human resources policies and procedures including but not limited to procedures regarding business conduct review;
   - Wells Fargo's system of discipline;

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- complaints made by Mr. Tran, to which she was a witness;

- complaints made by Mr. Tran, about which she was informed;

- her investigation into complaints made by Mr. Tran;

- recommendations she made regarding complaints made by Mr. Tran, including the rationale for the recommendation.

**Plaintiff Objections:** None.

**Plaintiff Proposed Testimony:**

In addition to Defendant's proposed Testimony, Ms. Love will testify about the following:

- Knowledge and experience of company policies, procedures and practices

- Personal job duties, work experience and responsibilities; and of others in others in the organization

- Knowledge and experience of Duke Tran's employment

**Defendant Objections:**  No objections to properly formed questions.


9. **Norris, Janice**

**Plaintiff Estimated Time:** 30 minutes

**Defendant Estimated Time: 2-3 hours**

**Defendant Proposed Testimony:**

Ms. Norris will testify generally about her work in the HEMASS department and her interactions with Duke Tran during the 2013-2014 time period, including but not limited to the following:

- the creation of the HEMASS department;

- description of Mr. Tran's job duties while working at Wells Fargo;

- discipline of other CSRs in the HEMASS department;

- complaints made by Mr. Tran, to which she was a witness;

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- complaints made by Mr. Tran, about which she was informed;

- any investigation into Mr. Tran's complaints, in which she took part;

- recommendations she made regarding discipline of Mr. Tran, including the rationale for the recommendation;

- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;

- the process the HEMASS department followed in 2013-2014 to research and locate loan documents that a CSR was not able to locate in his/her system;

- how Customer Service Representatives (CSRs) should respond if a customer's loan documents could not be located by the CSR based on the available

- attempts by Mr. Tran's managers to performance coach him.

**Plaintiff Objections:** None.

**Plaintiff Proposed Testimony:**

In addition to Defendant's proposed Testimony, Ms. Norris will testify about the following:

- Knowledge and experience of company policies, procedures and practices

- Personal job duties, work experience and responsibilities; and of others in others in the organization

- Knowledge and experience of Duke Tran's employment

**Defendant Response:** No objection to properly formed questions.

10. **Peebles, Tyler**

**Plaintiff Estimated Time:** Less than 30 minutes

**Defendant Estimated Time:** Cross-examination, if required, less than 20 minutes.

**Plaintiff Proposed Testimony:**

Mr. Peebles will testify about his background and work experience with Defendant. He will testify about his observations of Mr. LeDonne's mocking Mr. Tran's

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Vietnamese accent.

**Defendant Objections:**  To the extent that Mr. Tran has dismissed his race discrimination claim, Mr. Peebles' proffered testimony is irrelevant and prejudicial and should be excluded under FRE 401 and 403 and as hearsay under FRE 801.  To the extent that this testimony is being offered to establish that an "adverse action" took place, Wells Fargo requests that Plaintiff present an offer of proof regarding exactly what Mr. Peebles testimony will be, in order to allow the Court to determine if a reasonable person could find that what Mr. Peebles describes could reasonably be determined to constitute an adverse action taken because Mr. Tran engaged in whistleblowing activity.

**Plaintiff Response:**  Plaintiff has alleged that LeDonne treated Tran worse than other employees, including mocking his accent.  A reasonable juror could conclude that this is an adverse action and/ or evidence that LeDonne had animus toward Tran.  The timing of the treatment by LeDonne is relevant circumstantial evidence that LeDonne treated Tran worse after Tran's protected activity.


11. **Phillip, Judi**

**Plaintiff Estimated Time:** Less than 1 hour

**Defendant Estimated Time:** Cross-examination, if required, less than 20 minutes.

**Plaintiff Proposed Testimony:**

Ms. Phillip will testify about her background and work experience with Defendant.  She will testify about Mr. Tran's work product during the time-period she worked in the same unit as Mr. Tran.

Ms. Phillip will testify about her communications with Mr. Tran in which he disclosed that Defendant had instructed him to lie to customers. She will testify about her experience receiving illegal instructions from Defendant.

**Defendant Objections:** Ms. Philip worked in Collections and not HEMASS, and retired

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

in mid-2013 – well before any of the actions that Tran complains of took place. Therefore, she has no personal knowledge of any of the relevant issues in this case and her testimony should be excluded under FRE 402 and 608.  Moreover, Ms. Philips' testimony about conversations between her and Mr. Tran are hearsay and must be excluded under FRE 801.  Finally, Ms. Philips never worked in the HEMASS department; therefore any testimony about alleged *"illegal instructions"* is irrelevant, unduly prejudicial, improper character evidence and improper opinion testimony and should be excluded under FRE 401, 403, 404(b),  and 701(c).

**Plaintiff Response:** Ms. Phillip's testimony about conversations with Tran is admissible to demonstrate Tran's good faith in reporting information that he believed was unlawful. Her testimony about receiving other illegal instructions is persuasive evidence that what Tran believed was an illegal instruction was not a mistake.  The evidence tends to demonstrate that Defendant had an illegal motive to deceive its customers, as Tran believed.

### 12. **Ray, Marlo**

**Plaintiff Estimated Time**: Less than 1 hour

**Defendant Estimated Time:** Cross-examination, if required, less than 20 minutes.

**Plaintiff Proposed Testimony:**

Ms. Ray will testify about her background and work experience with Defendant. She will testify about her communications with Mr. Tran during Mr. Tran's employment with Defendant in which he disclosed that his supervisor was asking him to do things that he did not feel was lawful.  She will testify that Mr. Tran told her that Mr. Tran's supervisor began treating him differently after opposing his supervisor's instructions and that he planned to report his concerns to management.  She will testify that she saw other employees were retaliated against for questioning Defendant's practices.

**Defendant Objections**: Ms. Ray's employment with Wells Fargo ended in December

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2012 and she worked in the Collections Department and not the HEMASS department. Therefore, she has no personal knowledge of what took place in the HEMASS department during the time that Plaintiff was employed there (March 2013 to November 2014), and any testimony that she has regarding *"retaliation"* by Wells Fargo is irrelevant, improper character evidence and unduly prejudicial and should be excluded under FRE 401, 404(b), and 403.  Moreover, any conversations between Ms. Ray and Mr. Tran are hearsay and not properly admissible under FRE 801.

**Plaintiff Response:**  Ms. Ray's testimony about conversations with Tran is admissible to demonstrate Tran's good faith in reporting information that he believed was unlawful.  It also shows the defendant's conduct and practices that were in place before Mr. Tran was terminated. Ms. Ray's testimony about retaliation is persuasive evidence that the what Tran experienced was not a mistake.  The evidence tends to demonstrate that Defendant had an illegal motive in terminating Tran.

13. **Rose, Alan**

**Plaintiff Estimated Time:** Less than 1 hour

**Defendant Estimated Time:** 1 hour

**Plaintiff Proposed Testimony:**

In addition to Defendant's proposed Testimony, Mr. Rose will testify about the following:

- Knowledge and experience of company policies, procedures and practices
- Personal job duties, work experience and responsibilities; and of others in others in the organization
- Knowledge and experience of Duke Tran's employment
- Mr. Rose will testify about meetings with and about Tran, including complaints made by Tran.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Defendant Objections:** No objections to properly framed questions.

**Defendant Proposed Testimony:**

Mr. Rose will testify generally about his work at Wells Fargo and his interactions with Duke Tran during the 2013-2014 time period, including but not limited to the following:

- complaints made by Mr. Tran, to which he was a witness;
- complaints made by Mr. Tran, about which he was informed;
- any investigation into Mr. Tran's complaints, in which he took part;
- challenges he experienced managing Mr. Tran.

**Plaintiff Objections:**  None.


14. **Thrush, Kimberly**

**Plaintiff Estimated Time**: 1 hour

**Defendant Estimated Time:** 2 hours

**Plaintiff Proposed Testimony:**  In addition to Defendant's proposed Testimony, Ms. Thrush will testify about the following:

- Knowledge and experience of company policies, procedures and practices
- Personal job duties, work experience and responsibilities; and of others in others in the organization
- Knowledge and experience of Duke Tran's employment
- Ms. Thrush is expected to testify consistent with her deposition testimony.  Ms. Thrush will testify about her background and work experience.  Ms. Thrush will testify about her employment with Defendant.  She will testify about her background and training with Defendant.  She will testify about Defendant's policies and procedures.
- Ms. Thrush will testify about the "Memorandum of Understanding" issued to

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiff.  She will testify about meetings with Tran and about Tran, including Tran's complaints.  She will testify about the termination of Plaintiff.  She will testify about the reasons for Plaintiff's termination, and who made the decision to terminate Plaintiff.

**Defendant Objections:** No objection to properly proposed questions.

**Defendant Proposed Testimony:**

Ms. Thrush will testify generally about her work in the HEMASS department and her interactions with Duke Tran during the 2013-2014 time period, including but not limited to the following:

- Mr. Tran's work performance under her management;
- challenges she experienced managing Mr. Tran;
- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;
- the process the HEMASS department followed in 2013-2014 to research and locate loan documents that a CSR was not able to locate in his/her system;
- the purpose of her April 6, 2014 e-mail to HEMASS team leads regarding missing loan documents;
- complaints made by Mr. Tran, to which she was a witness;
- complaints made by Mr. Tran, about which she was informed;
- concerns she had regarding Mr. Tran's behavior;
- any investigation into Mr. Tran's complaints, in which she took part;
- recommendations she made regarding discipline of Mr. Tran, including the rationale for the recommendation;
- discipline she issued to Mr. Tran;
- discipline issued to other CSRs in HEMASS;
- efforts she made to performance coach Mr. Tran.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Plaintiff Objections:**  None.


15. **Tran, Duke**

**Plaintiff Estimated Time:** 2-3 hours

**Defendant Estimated Time:** 2-3 hours

**Plaintiff Proposed Testimony:**

Mr. Tran will testify regarding:

- the allegations in his First Amended Complaint (Dkt. 28);

- his background, work experience, upbringing, and language;

- being hired by Defendant, his work duties and work performance.  He will testify about his job duties as a Customer Service Representative 4 in Defendant's Home Equity Maturing Accounts Specialty Services ("HEMASS") department;

- interactions with Defendant's customers regarding balloon payments and missing loan documentation;

- interactions with his supervisor, Peter LeDonne, including reporting unlawful behavior by Defendant and actions taken by LeDonne that Tran felt were retaliatory;

- interactions with his team lead, Heather Stone, regarding missing loan documents;

- correspondence received by Tran and others indicating that if situations arose where loan documents were missing from the file, under any circumstance, they were not allowed to tell customers that Defendant did not have their contract;

- Tran's experience attempting to utilize protected leave and how Defendant's response evidenced further retaliation against him;

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- interactions with the Lending Manager, Kimberly Thrush regarding the "Memo of Understanding" Tran received;

- interactions with Human Resources Employee Relations Consultant, Glenda Longren, regarding his complaints about LeDonne and Thrush;

- interactions with Human Resource Specialist, Lisa Love, regarding his complaints about LeDonne and Thrush;

- the August 2014 "Informal Warning" Tran received, the basis, and that it was overturned;

- interactions with Lending Manager, Debbie Clausen and Tran's complaints to her;

- interactions with Senior Vice President of Home Lending Portfolio Operations Management, Alan Rose, and his complaints to Rose;

- his applications for internal openings with Defendant, the interviews he received, and LeDonne's attempt to block Tran's interview;

- the meeting in which Tran was terminated;

- what Tran was later told about his termination by Defendant;

- his mental distress caused by the retaliation and termination.

**Defendant Objections:**  To the extent that any of the testimony that Mr. Tran attempts to offer lacks foundation and calls for speculation, that testimony should be excluded under FRE 602 and 403.

**Plaintiff Response:**  No objection.

**Defendant Proposed Testimony:**

Wells Fargo will cross-examine Mr. Tran on statements he has made in his deposition and statements he makes at trial.

**Plaintiff Objections:** None.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

16. **Vo, Anh Trevet**

**Plaintiff Estimated Time:** Less than 1 hour

**Defendant Estimated Time:** 15 minutes

**Plaintiff Proposed Testimony:**

Ms. Vo is Plaintiff's wife. She will testify about Plaintiff's mental distress caused by the retaliation and termination.

**Defendant Objections:** Ms. Vo is not a medical expert -- to the extent she attempts to offer testimony as to the cause of Mr. Tran's mental state, that testimony lacks foundation, calls for speculation and constitutes improper opinion testimony and must be excluded under FRE 602, 403 and 701(c). Additionally, testimony about what Mr. Tran, or other non-party, told Ms. Vo are inadmissible hearsay under FRE 801.

**Plaintiff Response:** Ms. Vo's testimony about conversations with Tran is admissible to demonstrate Tran's good faith in reporting information that he believed was unlawful. In addition, she does not need to be a medical expert in order to testify about what she rationally observed in terms of garden-variety emotional distress.


17. **Wittenstein, Nate**

**Plaintiff Estimated Time:**

**Defendant Estimated Time:** 30 minutes

**Defendant Proposed Testimony:**

Mr. Wittenstein will testify generally about his work in HEMASS department and his interactions with Duke Tran, including but not limited to the following:

- what CSRs are instructed to tell customers regarding loan documents to which they do not have access and cannot locate in their system;

- the process the HEMASS department followed in 2013-2014 to research and locate loan documents that a CSR was not able to locate in his/her system;

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- research he conducted into loan documents not accessible to CSRs;
- his interactions with the customer whose account information is referenced in WF01172-74, and Wells Fargo's reaction thereto.

**Plaintiff Objections:** Mr. Wittenstein's testimony is wholly irrelevant. The processes used by HEMASS will be discussed by multiple defense witnesses and is therefore duplicative and will waste the jury's time. Mr. Wittenstein should also not be allowed to testify about research he conducted into loan documents not accessible to CSRs because it is irrelevant to the case whether on some occasions Defendant was able to find missing loan documents through their research department. Defendant is using this evidence to try to demonstrate its own good character, which is impermissible. Finally his interactions with the person referenced in WF01172-74 are not relevant to any issue in this case. It does not have any bearing on Tran's good faith complaints or Defendant's adverse actions against him.

**Defendant Response:** Plaintiff's claim revolves around Wells Fargo's interactions with Customer XX in December 2103 and in the Spring of 2014 regarding a home equity that would be maturing soon. Specifically, Mr. Tran alleges that Wells Fargo provided Customer XX with misleading and fraudulent information about a home equity loan that they had with the bank. Both Mr. Tran and Mr. Wittenstein spoke to Customer XX regarding the loan documents at issue, during the relevant time frame. Mr. Tran purports to offer testimony from himself, from the customer, and from Mr. LeDonne regarding these interactions. Wells Fargo should be allowed to present Mr. Wittenstein to offer his account of what was and was not disclosed to the customer, to rebut Mr. Tran's narrative. Mr. Wittenstein should further be allowed to offer his understanding of what information CSRs are instructed to disclose to customers in such circumstances, what informed his statements to the customer at issue, and Wells Fargo's reaction upon learning of what he informed the customer.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

18. **Fruits, Eric**

**Plaintiff Estimated Time: 30 minutes**

**Defendant Estimated Time: None – Moving to Exclude**

**Plaintiff Proposed Testimony:**

Wells Fargo is generally recognized as the largest mortgage loan originator in the U.S. In 2016, Wells Fargo originated approximately $249 billion of mortgage loans and comprised approximately 13 percent of the mortgage loan origination market.  Wells Fargo is also generally recognized as the largest mortgage loan servicer in the U.S. In 2016, Wells Fargo serviced a portfolio of approximately $1.6 trillion mortgage loans. We would withdraw Fruits from the liability stage if WF stipulated to those three sentences being read to the jury.  This is relevant to motive and discussed in the Motions in Limine.

**Defendants Objection**:

Wells Fargo objects to Dr. Fruits providing testimony during the liability phase of this trial.  There is no need for an expert witness on specific data about the size of Wells Fargo.  Such information is irrelevant and prejudicial.  See Defendant's MIL 4.  Nor was Dr. Fruits disclosed for as a liability expert.  Dr. Fruit's testimony was originally offered to support Mr. Tran's punitive damage demand.  The proposed testimony appears to be a backdoor attempt to offer evidence to support a demand for punitive damage.  It is all information easily accessible on the internet – it does not require specialized knowledge and, as he admitted at his deposition, was obtained via google.  Wells Fargo is moving to exclude Dr. Fruits per their Motion to Exclude, filed contemporaneously with this document.

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Pursuant to the August 25, 2016 Case Management Order (Dkt. 38), Plaintiff Duke Tran

and Defendant Wells Fargo Bank, N.A. jointly submit this exhibit list.

## EXHIBIT LIST

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 1 | TRAN 7-8 | X | X | No objection | |
| 2 | TRAN 35-38 | X | X | No objection | |
| 3 | TRAN 226 | X | X | No objection. | |
| 4 | WF 126-128 | X | | No objection | |
| 5 | WF 1259 | X | X | No objection | |
| 6 | WF 578-587 | X | | 403 – The last page of this Exhibit contains a document that is incomplete and therefore is confusing and misleading. | Plaintiff will include entire document in exhibit. |
| 7 | WF 1078-1080 | X | | No objection | |
| 8 | WF 629-630 | X | X | No objection | |
| 9 | WF 1104-1112 | X | | | |
| 10 | WF 613-614 | X | | No objection | |
| 11 | WF 1178-1179 | X | | No objection | |
| 12 | WF 1163-1164 | X | X | No objection | |
| 13 | WF 534 | X | X | No objection | |
| 14 | WF 662-663 | X | X | No objection | |
| 15 | WF 1171 | X | | No objection | |
| 16 | WF 685-687 | X | X | No objection | |
| 17 | WF 763 | X | | 401/403 – See Def. MIL 3 | |
| 18 | WF 1172-1174 | X | | No objection | |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ⋅ (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 19 | WF 1175 | X | | No objection | |
| 20 | WF 1176-1177 | X | X | No objection | |
| 21 | WF 1181-1182 | X | X | No objection | |
| 22 | WF 1183 | X | X | No objection | |
| 23 | WF 1184 | X | X | No objection | |
| 24 | WF 1185 | X | X | No objection | |
| 25 | WF 1186 | X | X | No objection | |
| 26 | WF 1187 | X | X | No objection | |
| 27 | WF 1188-1189 | X | | No objection | |
| 28 | WF 1190 | X | | 402/403 – Irrelevant and confusing. Unrelated to issues in the case. | Directly at issue in the case. Evidence of Wells Fargo policies and procedures. How it conducts and manage employees are at issue in this case. |
| 29 | WF 1191-1192 | X | | No objection | |
| 30 | WF 1193-1194 | X | | No objection | |
| 31 | WF 1195-1196 | X | | No objection | |
| 32 | WF 1197-1201 | X | | No objection | |
| 33 | WF 1202 | X | | No objection | |
| 34 | WF 1203 | X | | No objection | |
| 35 | WF 1204 | X | | No objection | |
| 36 | WF 1205 | X | | No objection | |
| 37 | WF 1206 | X | | No objection | |
| 38 | WF 1207-1208 | X | | No objection | |
| 39 | WF 1209-1211 | X | | No objection | |
| 40 | WF 1212 | X | | No objection | |
| 41 | WF 1213-1215 | X | | No objection | |
| 42 | WF 679-680 | X | X | No objection | |
| 43 | WF 886 | X | | No objection | |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 44 | WF 790-793 | X | | 402/ 403 –Irrelevant, waste of court time and confusing – this document does not relate to the HEMASS Department | Evidence of defendant conduct managing quality control of employees. Defendant conduct is at issue. |
| 45 | WF 631-632 | X | X | No objection | |
| 46 | WF 1235-1238 | X | | 801 – hearsay within hearsay | Exception to Hearsay will apply, witness may testify to contents |
| 47 | WF 618-622 | X | | No objection | |
| 48 | WF 646-648 | X | | No objection | |
| 49 | WF 538-556 | X | | No objection | |
| 50 | WF 1360 | X | | No objection | |
| 51 | WF 1346 | X | | No objection | |
| 52 | WF 1347-1359 | X | | No objection | |
| 53 | WF 1318-1329 | X | X | No objection | |
| 54 | WF 1362-1376 | X | | No objection | |
| 55 | WF 1340-1342 | X | | No objection | |
| 56 | WF 506 | X | | No objection | |
| 57 | WF 591-592 | X | | No objection | |
| 58 | WF 1682-1696 | X | | 402 – Irrelevant and meant to harass. | Employer practices and policies, relevant to employee conduct and supervisory duties. |
| 59 | WF 623-624 | X | X | No objection | |
| 60 | WF001094 | X | X | No objection | |
| 61 | WF000178-444 | X | | No objection | |
| 62 | WF001226-1230 | X | | No objection | |
| 63 | WF 1239-1254 | X | | No objection | |
| 64 | WF 481-493 | X | | No objection | |
| 65 | WF 494-495 | X | | No objection | |
| 66 | WF 496-517 | X | | No objection | |
| 101 | WF 001-003 | | X | 402 – Irrelevant and meant to harass. | 608 - Goes to credibility. |

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 102 | WF 169 | | X | 402 – Irrelevant and meant to harass. | 406 - Goes to Tran's pattern and practice of ignoring policies. |
| 103 | NWPC 0084-0087 | | X | 402 – Irrelevant and meant to harass. Contains private health information not relevant to any claim or defense. | Directly relates to emotional distress. |
| 104 | WF 1422-1425 WF 1644-1646 WF 1664-1666 | | X | 402 – Irrelevant | Demonstrates a legitimate non-discriminatory motive for discipline he claims is retaliatory and unfair. |
| 105 | WF 796-825 | | X | 402 – Irrelevant | Demonstrates Tran had longstanding problems performing the job of a HEMASS CSR.  Any corrective action given to him was warranted and not retaliatory. |
| 106 | WF 1172-1174 | | X | No objection | |
| 107 | WF 1165-1171 | | X | No objection | |
| 108 | WF 178; 264; 321; 325; 383; 384 | | X | Objection to the extent it is incomplete.  The entire handbook should be included. | See Ex. 62 – Wells Fargo does not object to Plaintiff using the entire handbook, but is entitled to rely only on the policies it believes are at issue in this case, and avoid presenting the jury with irrelevant information. |
| 109 | WF 1413-1415 WF 1637-1638 WF 1655-1657 WF 1672-1674 | | X | 402 – Irrelevant | Demonstrates a legitimate non-discriminatory motive for discipline he claims is retaliatory and unfair. |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 110 | WF 0783-0785 WF 786-787 WF 1411-1412 WF 1426-1428 WF 1429-31 WF 1667-1669 WF 1676-77 | | X | 402 – Irrelevant | Demonstrates a legitimate non-discriminatory motive for discipline he claims is retaliatory and unfair. |
| 111 | WF 1179 | | X | Objection to the extent it is incomplete. Entire string should be included. | See Ex. 11– Wells Fargo does not object to Plaintiff introducing subsequent responses, but is entitled to introduce the email contained in Ex. 111 as a standalone exhibit. |
| 112 | WF 1088 | | X | No objection | |
| 113 | WF 523 | | X | No objection | |
| 114 | WF 524 | | X | No objection | |
| 115 | WF 525 | | X | No objection | |
| 116 | WF 526 | | X | No objection | |
| 117 | WF 527 | | X | No objection | |
| 118 | WF 703-706 | | X | No objection | |
| 119 | TRAN 248-250 | | X | No objection | |
| 120 | WF 530 | | X | No objection | |
| 121 | WF 1344-1345 | | X | No objection | |
| 122 | WF 536 | | X | No objection | |
| 123 | WF 497-498 | | X | No objection | |
| 124 | WF 518-537 | | X | No objection | |
| 125 | TRAN 48 | | X | No objection | |
| 126 | WF 1195-1196 | | X | No objection | |
| 127 | WP 1197-1201 | | X | No objection | |
| 128 | WF 1212 | | X | No objection | |
| 129 | WF 699-702 | | X | No objection | |
| 130 | WF 1209-1211 | | X | No objection | |
| 131 | WF 683-684 | | X | No objection | |
| 132 | WF 690-691 | | X | No objection | |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 133 | https://www.usatoday.com/story/news/nation/2014/09/23/alabama-workplace-shooting/16097127/ | | X | Lack of foundation | 902(6) – newspaper articles are self-authenticating. |
| 134 | http://www.montgomeryadvertiser.com/story/news/2014/09/24/2-supervisors-killed-in-alabama-ups-shooting/16166163/ | | X | Lack of foundation | 902(6) – newspaper articles are self-authenticating. |
| 135 | WF 510 | | X | No objection | |
| 136 | WF 650-652 | | X | No objection | |
| 137 | WF 1095-1096 | | X | No objection | |
| 138 | WF 513 | | X | No objection | |
| 139 | WF 677 | | X | No objection | |
| 140 | WF 678 | | X | No objection | |
| 141 | WF 670-672 | | X | No objection | |
| 142 | WF 653-654 | | X | No objection | |
| 143 | WF 1193 | | X | No objection | |
| 144 | WF 1202 | | X | No objection | |
| 145 | WF 627-628 | | X | No objection | |
| 146 | WF 600-602 | | X | No objection | |
| 147 | WF 625 | | X | No objection | |
| 148 | WF 635 | | X | No objection | |
| 149 | WF 1652-1654 | | X | No objection | |
| 150 | WF 607-09 | | X | No objection | |
| 151 | WF 610 | | X | No objection | |
| 152 | WF 1102 | | X | No objection | |
| 153 | WF 1203 | | X | No objection | |
| 154 | WF 1296-97 | | X | No objection | |
| 155 | WF 1298-99 | | X | No objection | |
| 156 | WF 1303-05 | | X | No objection | |
| 157 | WF 471-73 | | X | No objection | |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 158 | WF 474-77 | | X | No objection | |
| 159 | WF 1274-80 | | X | No objection | |
| 160 | WF 1313-14 | | X | No objection | |
| 161 | WF 1260-62 | | X | No objection | |
| 162 | WF 1205 | | X | No objection | |
| 163 | WF 1281-89 | | X | No objection | |
| 164 | WF 1263-66 | | X | No objection | |
| 165 | WF 1271-73 | | X | No objection | |
| 166 | WF 582-83 | | X | No objection | |
| 167 | WF 481-85 | | X | No objection | |
| 168 | WF 1309-10 | | X | No objection | |
| 169 | WF 557; 1081-86 | | X | No objection | |
| 170 | WF 826-969 | | X | No objection | |
| 171 | WF 1232-33 | | X | No objection | |
| 172 | WF 465-66 | | X | No objection | |
| 173 | WF 1231 | | X | No objection | |
| 174 | WF 128 | | X | No objection | |
| 175 | TRAN 5 TRAN 7-8 | | X | No objection | |
| 176 | USB 002-011 | | X | No objection | |
| 177 | WF 1633-35 | | X | No objection | |
| 178 | WF 1678 | | X | No objection | |
| 179 | USB 22-23 | | X | No objection | |
| 180 | Previously Produced as WF 558-577 | | X | No objection | |
| 181 | WF 578-81 | | X | No objection | |
| 182 | WF 584-586 | | X | No objection | |
| 183 | WF 636-639 | | X | No objection | |
| 184 | WF 656-658 | | X | No objection | |
| 185 | WF 778 | | X | No objection | |
| 186 | WF 788-789 | | X | No objection | |
| 187 | WF 1075 | | X | No objection | |
| 188 | WF 1076 | | X | No objection | |
| 189 | WF 1087 | | X | No objection | |
| 190 | WF 1100-1101 | | X | No objection | |
| 191 | WF 1104-1108 | | X | No objection | |
| 192 | WF 1109-1112 | | X | No objection | |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 193 | WF 1267-70 | | X | No objection | |
| 194 | WF 1361 | | X | No objection | |
| 195 | WF 1377 | | X | No objection | |
| 196 | WF 1378 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 197 | WF 1379 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 198 | WF 1380 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 199 | WF 1381 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 200 | WF 1382 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 201 | WF 1383 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 202 | WF 1384 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 203 | WF 1385 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 204 | WF 1386 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 205 | WF 1387 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 206 | WF 1388 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 207 | WF 1389 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 208 | WF 1390 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 209 | WF 1391 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 210 | WF 1392 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 211 | WF 1393 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 212 | WF 1394 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 213 | WF 1395 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 214 | WF 1396 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 215 | WF 1397 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Joint Exhibit Number | Bates Range | Offered by Plaintiff | Offered by Defendant | Objections | Response |
|---|---|---|---|---|---|
| 216 | WF 1398 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 217 | WF 1399 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 218 | WF 1400 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 219 | WF 1774 | | X | Lack of foundation | The testimony of Kimberly Thrush in connection with Ex. 220 and Ex. 221 will establish the necessary foundation. |
| 220 | Declaration of Jennifer Firebaugh | | X | Plaintiff does not have this exhibit | Wells Fargo provided this Exhibit on January 24, 2018, in response to foundation concerns. |
| 221 | Declaration of Erika Buck | | X | | Wells Fargo provided this Exhibit on January 24, 2018, in response to foundation concerns. |
| 222 | NWPC 218-220 | | X | 402 – Irrelevant and meant to harass. Contains private health information not relevant to any claim or defense | 608 - Goes to credibility |

4845-9827-0042v.4 0088288-000066

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DATE: January 26, 2018

**STEPHENSON LAW, LLC**

s/ Christina Stephenson
Christina Stephenson, OSB No. 102287
christina@stephensonlawpdx.com
Michael Fuller, Oregon Bar No. 09357
michael@underdoglawyer.com


Robert Le, Oregon Bar No. 094167
rl@robertlelaw.com

*Attorneys for Plaintiff*

**DAVIS WRIGHT TREMAINE LLP**

s/ Portia R. Moore
Portia R. Moore, Admitted *Pro Hac Vice*
portiamoore@dwt.com
Leah Lively, OSB No. 962414
leahlively@dwt.com
Sarah E. Ames, OSB No. 132675
sarahames@dwt.com

*Attorneys for Defendant*

4845-9827-0042v.4 0088288-000066
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax